UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| Eyal Savir, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　-v.-<br><br>Unifin, Inc.,<br>Jefferson Capital Systems LLC,<br><br>　　　　　　　　　　　　Defendant(s). | C.A. No: 1:22-cv-20798<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Eyal Savir (hereinafter, "Plaintiff"), a Florida resident, brings this Class Action Complaint by and through his attorneys, against Defendant Unifin, Inc. (hereinafter "Defendant Unifin") and Defendant Jefferson Capital Systems LLC (hereinafter, "Defendant Jefferson"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.　Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re

1

inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws "were inadequate" Id §l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Florida consumers under §1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of Florida, County of Miami-Dade.

8. Defendant Unifin is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service c/o their registered agent Incorp Services, Inc. at 17888 67th Court North, Loxahatchee, Florida 33470.

9. Upon information and belief, Defendant Unifin is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Jefferson is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a primary place of business of 16 McLeland Road, St. Cloud, Minnesota 56303, and is registered to accept service of process upon Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

11. Upon information and belief, Defendant Jefferson uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

12. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individuals with addresses in the State of Florida;

    b. to whom Defendant Unifin sent a collection letter attempting to collect a consumer debt;

    c. on behalf of Defendant Jefferson;

    d. that stated a consumer may make one "payment" or three "payments" towards a "discounted offer", without clearly defining such offer;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, **in the form attached as Exhibit A**, violate 15 U.S.C. §§ l692e and 1692f.

17. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, **in the forms attached as Exhibit A** violate 15 U.S.C. § l692e and §1692f.

    c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **<u>Adequacy:</u>** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to June 18, 2021, an obligation was allegedly incurred to Verizon Wireless.

23. The Verizon Wireless obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

25. The alleged Verizon Wireless obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

26. Upon information and belief, Defendant Jefferson eventually purchased the allegedly defaulted Verizon Wireless debt. Therefore, Defendant Jefferson is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27. Defendant Jefferson collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors and itself using the United States Postal Services, telephone, and internet.

28. Thereafter, Defendant Jefferson contracted with Defendant Unifin to attempt to collect on the Verizon Wireless debt. Therefore, Defendant Unifin is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29. Defendant Unifin collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

*Violation -June 18, 2021 Collection Letter*

30. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-30 herein with the same force and effect as if the same were set forth at length herein.

31. On or about June 18, 2021, Defendant Unifin sent the Plaintiff a notice (the "Letter") regarding the alleged debt owed to Defendant Jefferson. **See Attached hereto as Exhibit A.**

32. The Letter states a balance of $3,584.83.

33. Further down in the letter it states:

| 1 payment of $2150.90 towards a discounted offer | 3 payments of $896.21 towards a discounted offer | 12 monthly payments towards the balance in full |
|---|---|---|

To take advantage of the discounted offer(s), please have payment (or first payment) in our office within 45 days from June 18, 2021.

34. The Letter is confusing and deceptive by referring to a "payment" towards a "discounted offer", without clearly defining such offer.

35. The phrase "towards a discounted offer" is open to more than one reasonable interpretation, including:

    1. The total balance due;

    2. The total amount of the payment made;

    3. Some amount to be subsequently negotiated;

    4. A determined amount known to the Defendant but not conveyed to the debtor.

36. The least sophisticated debtor, and the Plaintiff included, is left confused as to whether the payment value listed in the first two options will satisfy the debt entirely or not.

37. The Letter is confusing and deceptive as it fails to state whether or not the debt will be considered settled if the consumer makes the listed payments.

38. The wording of all three options is ambiguous and leaves the Plaintiff consumer with more than one reasonable interpretation for each of the three settlement options.

39. In sum, Plaintiff is unable to determine the amount of the alleged "discounted offer", or whether, if payments are sent, they will be accepted in full settlement. Furthermore, Plaintiff is unable to discern the due dates for some of the settlement installments.

40. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

41. The letter deceives and misleads the consumer by implying that paying one of the proposed amounts would achieve results akin to a settlement offer, when in reality the Defendants' offer contains no significant benefits and is unclear as to what the benefits of the settlement would actually be.

42. Plaintiff was confused and misled by the offer, whether it was an actual settlement or not and as a result did not accept the offers.

43. Plaintiff incurred an injury as Defendant provided his with a deceptive settlement offer, causing Plaintiff emotional distress due to the fear and confusion and causing Plaintiff to expend time and resources retaining ana attorney to defend his consumer rights.

44. Additionally, Defendants' offer is illogical. Why choose to pay the full balance when there is an offer to pay less than the full balance?

45. The only answer would be that paying in full would receive some form of added benefit.

46. Defendants' letter does not make any mention of any benefit or incentive to pay the full balance rather than the discounted amounts.

47. Therefore, the consumer is left confused and misled which option to choose; on the one hand the discounted amount saves him money but on the other hand, the full payment option must have some benefit or else it would not even be a consideration.

48. Yet Defendants' letter mentions no benefit whatsoever of paying the full balance, making the letter illogical and leaving the consumer wondering if there is a "catch" or if this is a real offer.

49. Defendants' letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

50. Plaintiff incurred an informational injury because the Defendants deceptively makes an offer without properly qualifying and explaining the offer.

51. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

52. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

53. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

54. Defendants' deceptive, misleading, and unfair representations with respect to its

collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this alleged debt.

55. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

56. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.***

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

59. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. Defendants violated §1692e:

   a. As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

   b. By making a false and misleading representation in violation of §1692e(10).

61. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692f *et seq.***

62.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

63.     Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

64.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

65.     Defendants violated this section by omitting material information that gave Plaintiff a false understanding of the offers in the Letter.

66.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

67.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Eyal Savir individually and on behalf of all others similarly situated demands judgment from Defendant Unifin, Inc. and Defendant Jefferson Capital Systems LLC as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2. Awarding Plaintiff injunctive relief by means of suspension of all debt collection activities related to the alleged debt by Defendants against Plaintiff while the instant litigation is pending;

3. Awarding Plaintiff and the Class statutory damages;

4. Awarding Plaintiff and the Class actual damages;

5. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

6. Awarding pre-judgment interest and post-judgment interest; and

7. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 16, 2022                                   Respectfully Submitted,

**ZEIG LAW FIRM, LLC**
/s/ Justin Zeig
Justin Zeig, Esq.
3475 Sheridan St. Ste 310
Hollywood, FL 33021
Telephone: (754) 217-3084
Facsimile: (954) 272-7807
justin@zeiglawfirm.com
*Counsel for Plaintiff*